Jeff Reich—067250
Shane Reich—222948
**THE REICH LAW FIRM**
8441 N. MILLBROOK, SUITE 104
FRESNO, CA 93720
—
559-440-1191
Fax: (559) 432-9092

Attorneys for Plaintiff PATRICK HAMMOND III

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HAMMOND III,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>SALLY JEWELL, Secretary of the U.S. Department of the Interior; INTERIOR BOARD OF INDIAN APPEALS, U.S. Department of the Interior; U.S. DEPARTMENT OF THE INTERIOR; AMY DUTSCHKE, Regional Director, Pacific Regional Office, Bureau of Indian Affairs; TROY BURDICK, Superintendent, Central California Agency, Bureau of Indian Affairs,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHT TO DUE PROCESS, VIOLATION OF THE INDIAN CIVIL RIGHTS ACT, VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT, AND FOR DECLARATORY RELIEF** |

Plaintiff, Patrick Hammond III, files this complaint against defendants and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff requests that the Court review and vacate of the decision of AMY DUTSCHKE, Regional Director, Pacific Regional Office, Bureau of Indian Affairs, dated February 11, 2014; and the subsequent determination of the INTERIOR BOARD OF INDIAN APPEALS, U.S. Department of the Interior; to make the Regional Director's decision effective, dated February 9, 2015.

2. Review of the subject decision and subsequent determination to make that decision effective is sought insofar as said decision states that 1) the Tribal Council's removal of plaintiff from the Tribal Council on or about June 17, 2011, is a valid action; 2) plaintiff is not a member of the Tribal Council pursuant to the election held on December 5, 2010, and; 3) plaintiff is not a member of the last undisputed Tribal council. (hereinafter "Decision")

3. This action is based on the following legal grounds:

　　(a) defendants have violated plaintiff's Fourteenth Amendment Due Process rights (42 *USC* §1983);

　　(b) defendants have violated plaintiff's due process rights pursuant to the Indian Civil Rights Act (25 USC §1302);

　　(c) the subject decision and subsequent determination to make that decision effective violates the Administrative Procedures Act, 5 U.S.C. §706;

　　(d) the subject decision and subsequent determination to make that decision effective are arbitrary and capricious, abuse of discretion, and otherwise not in accordance with law.

## PARTIES

4. Plaintiff, PATRICK HAMMOND III (hereinafter "plaintiff"), is a member of the tribe of the Picayune Rancheria of Chukchansi Indians.

5. The individual Defendants are; SALLY JEWELL, Secretary of the U.S. Department of the Interior (hereinafter "Secretary"); AMY DUTSCHKE, Regional Director, Pacific Regional Office, Bureau of Indian Affairs (hereinafter "Regional Director"); TROY BURDICK, Superintendent, Central California Agency, Bureau of Indian Affairs (hereinafter "Superintendent"). All are being sued in their official capacity and are named defendants as a result of the actions and decisions of the U.S. DEPARTMENT OF THE INTERIOR for which they bear the responsibility.

6. Defendants INTERIOR BOARD OF INDIAN APPEALS, U.S. Department of the Interior (hereinafter "IBIA"); U.S. DEPARTMENT OF THE INTERIOR (hereinafter "Department"); are a cabinet level agency of the United States, and a division of that agency, and are agencies

responsible for managing the affairs of Indian tribes through the Bureau of Indian Affairs. The Department is also responsible for promulgating and insuring compliance with its regulations.

## FACTS OF THE CASE

7. The Picayune Rancheria of Chukchansi Indians ("Tribe") is a federally recognized Indian tribe organized under the provisions of a written constitution ("Constitution"), which has been approved by the voting members of the Tribe.

8. Pursuant to the Constitution, which designates the Picayune Rancheria of Chukchansi Indian Tribal Council ("Tribal Council") as the governing body of the Tribe, the Tribal Council adopted a set of By-Laws, which implemented provisions of the Constitution.

9. Under Article IV, Section 2 of the Constitution, the Tribal Council is composed of seven (7) persons who are elected by the eligible voting members of the Tribe.

10. In December 2008 plaintiff was elected to the Tribal Council.

11. In early 2009, the Tribal Council instituted an investigation of alleged tribal Ethics Ordinance violations by plaintiff; on July 28, 2009, the Tribal Council held a hearing concerning the alleged violations, and the Tribal Council found no violations of the tribal Ethics Ordinance.

12. In December, 2010, the Tribe held new elections for the Tribal Council and as a result of that election, plaintiff was again elected as a member of the Tribal Council.

13. On January 13, 2011, the Tribal Council placed plaintiff under a temporary suspension as a member of the Tribal Council. The basis for the suspension were the same allegations made in early 2009 regarding which the Tribal Council found no violations of the tribal Ethics Ordinance.

14. On April 28, 2011, the Tribal Council held a hearing, found Appellant in violation of the tribal Ethics Ordinance, and removed him from the Tribal Council on or about June 17, 2011.

15. The actions described in paragraphs 10 and 11 resulted in plaintiff being unethically and unconstitutionally removed from his position on the Tribal Council.

16. Beginning in June 8, 2011 and continuing through 2012, plaintiff sought assistance from defendants pertaining to his improper suspension and issues he was having with the Tribal Council over the seating of the newly Tribal Council of the December 3, 2011 Election.

17. Even though plaintiff sought defendants' assistance in resolving these wrongs, defendants failed to exercise their inherent authority to correct this manifest injustice and error.

18. In 2012, the Tribal Council acting through its subservient housing authority, unsuccessfully attempted to evict plaintiff from his tribal housing unit through California state court, and failed.

19. Between January 24, 2013, and February 24, 2013, further disputes arose between members of the Tribal Council and the Tribal Council divided into two factions. One faction was referenced as the "Ayala Quorum Council" and the other as the "Lewis Faction".

20. On November 8, 2013, the Tribal Court granted the Tribe's motion for summary judgment. The Tribal Court entered a final judgment and recognized the Ayala Quorum Council as the lawful governing body of the Tribe and ruled that the members of the Lewis Faction were properly removed.

21. On or about October, 2013, the Lewis Faction formed a so-called tribal court and sued the Ayala Quorum Council in that court.

22. From February 2012 through February 2013, (and later also) there were several incidents involving violence related to the Tribal Office that required intervention by the Madera County Sheriff.

23. The dispute over the Tribe's leadership has led to multiple financial hardships and many Federal agencies have been unable to determine with whom to conduct business, causing essential Tribal programs that are funded by the Federal government to cease operation.

24. The ongoing dispute was heard and a decision was made by the Superintendent to recognize the Tribal Council elected in the Tribe's December 1, 2012 election.

25. The matter was appealed to the Regional Director and the following decision was issued on February 11, 2014: the decision of the Superintendent of the Central California Agency to recognize the Tribal Council elected in the Tribe's December 1, 2012 election is vacated and the Bureau of Indian Affairs, Pacific Region, will conduct business, on an interim basis, with the last uncontested Tribal Council elected December 2010.

//

26. The Regional Director, in her decision of February 11, 2014, gives authority to the last uncontested Tribal Council elected December 2010, and then lists the members of said council, omitting plaintiff from the list. The only explanation given by the Regional Director is a footnote reference: The record reflects that Nokomis Hernandez was appointed by the Tribal Council to replace Patrick Hammond, III.

27. At the time of the decision issued by the Regional Director, plaintiff was shocked that he was excluded as a Tribal Council Member.

28. The matter was appealed to the IBIA, and plaintiff filed his brief with the IBIA.

29. On February 9, 2015, the IBIA issued its decision making the Regional Director's decision effective immediately.

30. The IBIA stated in its decision that the "BIA would recognize the last undisputed Tribal Council, which the Regional Director identified as the Council as constituted following a tribal election in 2010, with one change ("2010 Council"). The IBIA then notes: "Hammond, who was elected to the Council in 2010, appeals from the Regional Director's acceptance of his subsequent removal from the Council and replacement with Nokomis Hernandez. As identified in the Decision, the 2010 Council consists of Dora Jones, Chance Alberta, Jennifer Stanley, Nancy Ayala, Morris Reid, Reggie Lewis, and Nokomis Hernandez."

31. Defendants do not provide any reasoning or legal basis to support the decision regarding plaintiff's exclusion from the 2010 Council, nor is there basis given for why Hernandez and not plaintiff was named.

## JURISDICTION AND VENUE

32. The jurisdiction of this Court is invoked pursuant to 28 *U.S.C.* §§1331, 5 *U.S.C.* § 701-706 et seq., 28 *U.S.C.* §§ 2201 and 2202. The United States waives sovereign immunity from suit under 5 *U.S.C.* §702 and 28 *U.S.C.* §2209(a). There is an actual controversy between the parties that evokes the jurisdiction of this Court regarding decisions and actions by the Department of the Interior and the Secretary that is subject to review by this court. All federal administrative remedies are exhausted as required by 5 *U.S.C.* §704. This case is ready for judicial review.

//

33. Venue is proper in United States District Court for the Eastern District of California under 28 *U.S.C.* §§1391(b) (2) and 1391(e), 5 *U.S.C.* §703. The events giving rise to this action occurred in this judicial district and the plaintiff resides in this judicial district.

## FIRST CLAIM FOR RELIEF

Violation of Fourteenth Amendment Due Process 42 *USC* §1983

34. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 33 of this complaint.

35. Defendants had full knowledge; that the actions of the Tribal Council on April 28, 2011, and plaintiff's subsequent removal from the Tribal Council on or about June 17, 2011, were in conflict with the Tribal governing documents; that the action was taken as the result of a minority of Council members bullying the Tribal Council into ignoring and violating tribal law, and, that by charging plaintiff a second time for the same offenses under the tribal Ethics Ordinance, when he was first exonerated, was double jeopardy.

36. Defendants have a duty to exercise the inherent authority of the U.S. Department of the Interior to correct a manifest injustice or error where appropriate (43 *C.F.R.* §4.318), but defendants have failed and refused to exercise that authority on behalf of plaintiff.

37. Defendants have a duty to ensure that the administrative record of their actions contain evidence in support of their decisions and to make relevant inquiries before issuing those decisions.

38. In taking the actions as set forth above, and in issuing the Decision which has adversely affected plaintiff, defendants have failed and refused to ensure that the administrative record of their actions contain evidence in support of the Decision and to make relevant inquiries before issuing that Decision.

39. The Regional Director, in making the Decision, accepted submissions from the factions as they began to appeal the decision of the Superintendent without allowing plaintiff a chance to offer evidence into the record.

//

//

40. In taking the actions and issuing the Decision, as stated above, defendants fail to provide legal authority and evidence to support their Decisions, nor do they contest plaintiff's position in the Decision.

41. Plaintiff has been adversely affected and aggrieved by defendants' denial of his right to due process and have effectively eliminated plaintiff from his position as a member of the 2010 Tribal Council.

42. In taking the actions, and issuing the Decision, as stated above, defendants fail to provide the findings of fact essential to the Decision although plaintiff requested them.

43. In taking the actions as set forth above, defendant's administrative findings, inferences, conclusions, and the Decision, are in violation of the Fourteenth Amendment of the *United States Constitution* and have been made upon unlawful procedure. Plaintiff brings this action pursuant to 42 *USC* §1983.

44. The Decision by defendants in this matter is a final agency action for which there is no other adequate remedy in a court, within the meaning of Section 704 of the Administrative Procedure Act.

### SECOND CLAIM FOR RELIEF

Violation of Indian Civil Rights Act 25 *USC* §1302

45. Plaintiff repeats and realleges paragraphs 1 through 42 inclusive, of this Complaint as if fully set forth herein.

46. In taking the actions as set forth above, defendant's administrative findings, inferences, conclusions, and the Decision, are in violation of the Indian Civil Rights Act. Plaintiff brings this action pursuant to 25 *USC* §1302.

47. The Decision by defendants in this matter is a final agency action for which there is no other adequate remedy in a court, within the meaning of Section 704 of the Administrative Procedure Act.

//

//

//

### THIRD CLAIM FOR RELIEF

Violation of the Administrative Procedures Act, 5 *U.S.C.* §706, *et seq.*

48. Plaintiff repeats and realleges paragraphs 1 through 42 inclusive, of this Complaint as if fully set forth herein.

49. All of defendants' actions, as stated above, are (1) arbitrary, capricious, abuse of discretion, and otherwise not in accordance with law; (2) in excess of statutory jurisdiction, authority, or limitation, or short of statutory right; (3) without observance of procedure required by law, within the meaning of 5 *U.S.C.* §706(A), (C) and (D); and the Decision is not supported by any evidence in the record and should be vacated by this Court.

### FOURTH CLAIM FOR RELIEF

Defendants' Actions and Decision Constitute an Abuse of Discretion and are Arbitrary and Capricious and Contrary To Law.

50. Plaintiffs repeat and re-allege paragraphs 1 through 42 inclusive, of this Complaint as if fully set forth herein.

51. All of defendants' actions, as stated above, are arbitrary, capricious, abuse of discretion, and otherwise not in accordance with law.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request that the Court enter judgment in his favor and against the Defendants as follows:

A. A declaration that defendants' Decision is unconstitutional for violation of due process;

B. A declaration that defendants' Decision is in Violation of the Indian Civil Rights Act;

C. A declaration that defendants' Decision is in Violation of the Administrative Procedures Act;

D. A declaration that defendants' Decision constitutes abuse of discretion and is arbitrary and capricious and contrary to law;

//

E. That this Court enter judgment and an order that the defendants' Decision is vacated; that the Tribal Council's removal of plaintiff from the Tribal Council on or about June 17, 2011 was invalid and void, and; that plaintiff is a member of the Tribal Council pursuant to the election held on December 5, 2010, the last undisputed Tribal council.

F. Awarding Plaintiff's costs and reasonable attorney's fees to the extent permitted by law, including, but not limited to the Equal Access to Justice Act; and

G. Granting such other and further relief as to the Court deems just and proper.

Dated: March 11, 2015

Respectfully submitted,

THE REICH LAW FIRM

By: _____
Jeff Reich,
Attorneys for Plaintiff